Tilghman C. J.
(delivered the opinion of the Court.) There is only one objection of any weight in this case, and that is, that the commissioners did not return a draft of the whole township of Wyalusing. The commissioners have sufficiently expressed their opinion of the propriety of granting the petition, by saying, that it would be convenient to the inhabitants of the west side of the river to have a separate *404 township, without the’ least intimation of an opinion, that it would be inconvenient or injurious to those on the east side, courses and distances of the draft returned were sufficient. The river is laid down without mention of course or distance. Nor was it necessary to mention them, the river being a natural boundary which can never be mistaken. The courses and distances of the other boundary lines west of the river are given, except on one side, where the boundary of the new township is the line which separates Bradford from Luzerne county. This line is notorious, and it was sufficient to refer to it as the county line. There is nothing in the objection of its not appearing that the commissioners viewed the ground. The act does not require that it should appear. But when men return a draft and give their opinion that the division is convenient, we must presume that they had taken the proper means of judging, which could not be done without a view of the country.
Let us now examine the draft which is returned. ' It exhibits the course of the river Susquehanna, and all that part of the township of Wyalusing which lies west of the river, and is be erected into a new township. But that part of the old township lying east of tfte river is not laid down. There is then a complete draft of the new township. The act of 24th March, 1803, under which these proceedings were had, directs, that the commissioners “ shall make a draft of the “ township proposed to be divided, and the division line pro- “ posed to be made therein, or of the tozvnship proposed to be “ laid off,\ or of the lines proposed to be.altered, of any two “ or more adjoining townships as the case may be, if the same “ cannot be fully designated by natural lilies or boundaries.” Here are several things, all of which are not necessary to be done in every case. Considering the whole sentence, it may •be construed so as to dispense with a draft of the whole township intended to be divided; provided the Court be furnished with a draft of the new township, or such a description of the division line of the two townships by natural boundaries as will sufficiently designate the dividing line. In this case the river is referred to as the dividingTine, and is laid down in the draft, together with all the other boundary lines of the township to be erected on the west side of the river. This will satisfy the words of the law; and the general practice, both before and since the making of the act, *405 having been, not to return a draft of the whole township intended to be divided, (for the Court of Quarter Sessions exercised this power long before it was given to them by this act of assembly,) it would have very serious consequences to adopt now a different construction. I am, therefore, of opinion, that the proceedings should be confirmed.
Proceedings confirmed.