# Henderson, and West Townships' Case.

It is necessary to the validity of a report of commissioners appointed to erect a new township, or divide an old one, that it should be accompanied by a draft of the old lines of the township, as well as the proposed new line.

CERTIORARI to the quarter sessions of *Huntingdon* county.

An application was made for the appointment of commissioners to view and attach part of West township to Henderson township. The commissioners made a report in favour of the alteration, and embodied in it the courses, distances and a particular description of the new line; and also accompanied their report with a draft of the new line. The objection made to the report was, that a draft of the lines of the township proposed to be altered was not returned with the report, by which the court might judge of the propriety of the

alteration. The objection was overruled by the court below, and the report confirmed. The same error was insisted upon here.

*Bell*, for plaintiff in error.
*Miles*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—In erecting a new township, or what is much the same, dividing an old one, or in altering the lines of adjoining townships, the commissioners are required, by the act of 1803, " to make a draft of the township proposed to be divided, and the division line proposed to be made therein, or of the township proposed to be laid off, or of the lines *proposed to be altered*, of any two or more adjoining townships, as the case may be, if the same cannot be fully designated by natural lines or boundaries." The only question that has come up under any of these clauses, was determined in the case of Wyalusing township, 2 *Serg. & Rawle* 402, in which the prayer was for a division making the North Branch of the Susquehannah the line. But the commissioners reported in favour of a *new* township on the west side, a diagram of which accompanied the report, which, however, did not represent the lines of that part of the old township which is east of the river: and this was held to be sufficient. It is to be observed, however, that the report did not propose to divide an old township, but to erect a new one, without reference to the old; and that if it still be viewed as a case of division, yet that the line was sufficiently marked by a natural boundary, which superseded the necessity of designation by a geometrical line. But in the case of an alteration between adjoining townships, the diagram is to represent the lines *proposed* to be altered; and what are they? undoubtedly the existing ones. The avowed object of the proceeding is to substitute others for them; so that they, and not the new lines, are the subject of the proposed alteration. Thus it stands by the letter. But if for " lines proposed to be altered," we were to substitute " the proposed alteration," which would, perhaps, more accurately express the idea intended to be conveyed, it would equally require the diagram to represent not only the lines proposed to be established, but those proposed to be abandoned ; and this, in order to assist the court in the exercise of its discretion by presenting to the senses the very nature and extent of the alteration designed. To inform the judgment of the court with a view to its action on the report, is undoubtedly not the only office of the diagram, but it is a principal one. In the case of an independent erection, naked lines of demarcation contain whatever is necessary to be known, and accordingly no more is required. But in the case of a division, the bearing of the line of separation on all the parts of the original township, is a material consideration ; and we find that the relation which that line bears to the lines of the general diagram must be represented. So, if the line between two townships is to be altered or removed, both the old and the new line

are to be represented, in order, as already said, to show exactly what is designed to be done. For a similar reason, the road law requires a vacated part of the route of a road to be represented in the diagram, as well as the route substituted for it. As the diagram before us is defective in this particular, the proceedings are not to be sustained.

Order of the quarter sessions reversed, and the report of the commissioners quashed.